UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH COHEN, <br><br> Plaintiff, <br> v. <br><br> STARBUCKS CORPORATION and JOHN DOE(S) I-X; <br><br> Defendants. | DOCKET NO.: <br><br> CIVIL ACTION <br><br> *NOTICE OF REMOVAL OF ACTION* |

**TO: THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant, Starbucks Corporation (hereinafter "Starbucks"), hereby gives notice of the removal of the action captioned *Elizabeth Cohen v. Starbucks Corporation and John Doe(s) I – X*, Docket No. MON-L-004226-18, now pending in the Superior Court of New Jersey, Law Division, Monmouth County (the "Action") to the United States District Court for the District of New Jersey, Trenton Vicinage. As grounds for removal, Starbucks states as follows:

1. The Action was commenced by Summons and Complaint on or about November 27, 2018 in the Superior Court of New Jersey, Law Division, Monmouth County. The Complaint does not allege plaintiff's citizenship nor an amount in controversy. See Exhibit A – Complaint.

2. Starbucks received the Summons and Complaint via certified mail on

December 18, 2018.

3. Starbucks filed an Answer to the plaintiff's Complaint on January 9, 2019. See Exhibit B – Answer.

4. In its Answer, Starbucks made a Request for a Statement of Damages claimed pursuant to New Jersey Court Rule 4:5-2. See Exhibit B, p. 5. When the plaintiff failed to timely respond to the Request, Starbucks filed a motion to compel a response. See Exhibit C – Motion to Compel.[1]

5. The Plaintiff responded to the Request for Statement of Damages by claiming damages of $500,000.00 in a letter dated January 29, 2019, which was received by counsel for Starbucks via email on January 30, 2019. See Exhibit D – Plaintiff's Response.

6. This case is one which may be removed by Starbucks based upon diversity of citizenship pursuant to 28 U.S.C. 1332(a)(1), 28 U.S.C section 1446(c)(2) and (3), as well as 28 U.S.C. §1441(a) and (b). It is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained more fully below.

7. Complete diversity of citizenship exists between the plaintiff and Starbucks. The Complaint alleges that the Plaintiff resides in Highlands, New Jersey. See Exhibit A, p. 1. She is therefore a citizen of the State of New Jersey.

---

[1] Upon receipt of the plaintiff's response to the Request for Statement of Damages, the motion to compel was withdrawn.

8. Starbucks Corporation is, and was at the time this action was commenced, incorporated in the State of Washington. Its principal place of business is, and was at the time this action was commenced, also in Seattle, Washington.

9. Plaintiff also named "John Does I-X" in her Complaint as fictitious defendants. *See*, Exhibit A. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441(b)(1). Therefore, complete diversity exists and existed at the time the action was commenced.

10. As noted above, plaintiff did not plead a specific monetary amount of damages in her Complaint. The Superior Court of New Jersey, Law Division, Monmouth County, where this Action was filed, has no monetary limit on damage claims. New Jersey Court Rule 4:5–2 allows the plaintiff to demand damages generally without specifying the amount. As noted in 28 U.S.C. §1446(c)(2)(A)(ii), if the initial complaint seeks a monetary judgment but the state practice "either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," as here, the notice of removal may assert the jurisdictional minimum. Under such circumstances, removal will be upheld if the Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. §1446(c)(2)(b); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("Courts are to decide "by a preponderance of the evidence [standard], whether the amount-in-controversy requirement has been satisfied.")

11. In making its Request for Statement of Damages, Starbucks sought to ascertain the amount in controversy. The Plaintiff's response to the Request, in the amount of $500,000.00, establishes that the amount in controversy exceeds $75,000.00.

12. Where the amount in controversy is not ascertainable from the pleadings, the removing party must file the notice of removal "within 30 days after receipt by the defendant" of a litigation document, (either an "amended pleading, motion, order or other paper"), demonstrating sufficient jurisdictional facts. 28 U.S.C. § 1446(b)(3); *Portillo v. Nat'l Freight, Inc.*, 2016 U.S. Dist. LEXIS 33365, at 14-15; *see also Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 69 (1st Cir. 2014). Starbucks filed and served this Notice within thirty days of Starbucks Corporation's receipt of plaintiff's response to the Request for Statement of Damages. This Notice of Removal is therefore timely.

WHEREFORE, Defendant Starbucks Corporation removes this action previously commenced in the Superior Court of the State of New Jersey, Law Division, Monmouth County to the United States District Court, District of New Jersey (Trenton Vicinage).

Dated January 30, 2019.

                                          TIERNEY LAW GROUP

                                          s/ James W. McCartney
                                          James W. McCartney, Esq.
                                          1259 US Highway 46
                                          Building 3, Suite 133
                                          Parsippany, New Jersey 07054
                                          Tel: 973-588-3050 and Fax: 973-588-3048
                                          Attorneys for Defendant Starbucks Corporation.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 30, 2019, I served a true and correct copy of the foregoing Notice of Removal upon the following:

<u>Via Email & NJLS Courier Service</u>
William Pfister, Jr. Esq.
830 Broad St., Suite 4
Shrewsbury, NJ 07702
E-mail: wp@pfisterlawnj.com
Attorney for Plaintiff

and

<u>Via ECourts</u>
Clerk of the Court
Superior Court, Law Division, Monmouth County
Monmouth County Courthouse
71 Monument St.
Freehold, NJ 07728

s/ James W. McCartney
James W. McCartney, Esq.
