*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
ELIZABETH COHEN, :
: Civil Action No.: 19-2062(FLW)
Plaintiff, :
:
v. :
: **OPINION**
STARBUCKS CORPORATION, :
JOHN DOE(S)         I-X :
:
Defendant(s). :
_____:

**WOLFSON, United States Chief District Judge:**

Presently before the Court is a motion to dismiss filed by Defendant Starbucks Corporation ("Defendant" or "Starbucks") for (1) lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and (2) under the doctrine of *forum non conveniens*. Plaintiff Elizabeth Cohen's ("Plaintiff") premises-liability claim arises from Defendant's alleged negligent maintenance and/or defective design of a Starbucks store located in San Jose del Cabo, Baja California, Mexico, which according to Plaintiff, created a hazardous condition which caused her to fall and suffer personal injuries.

For the following reasons, the Court lacks personal jurisdiction over Starbucks, however, in lieu of dismissal, the Court transfers this matter to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1631.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1

Plaintiff's Complaint ("Compl."), which the Court accepts as true for the purposes of this motion to dismiss, contains only the following factual allegations: Plaintiff, who is a resident of Highlands, New Jersey, was a customer at a Starbucks located in San Jose del Cabo, Baja California, Mexico on January 18, 2017, while on vacation with her husband. At that store, Plaintiff fell on the premises due to the alleged negligence of Defendant, and Plaintiff claims that she sustained physical injuries, which resulted in permanent injuries that require significant medical treatment. Compl., ¶¶ 2-8. Based on these allegations, Plaintiff asserts one count of negligence against Defendant and demands judgment for damages, attorney's fees, and cost of suit. In the instant matter, Defendant moves for dismissal on personal jurisdictional grounds, and *forum non conveniens.*

Plaintiff opposes the motion, arguing that New Jersey has general jurisdiction over Defendant because it is at home in New Jersey based on its continuous and systematic contacts with the forum, and that under the *forum non conveniens* doctrine, the private and public factors weigh in favor of the Court denying the motion because (1) Plaintiff has no remedy outside of this forum since her claims are time barred in Mexico, and (2) Starbucks, based on its abundant resources, is able to defend this case in New Jersey without offending the traditional notions of fair play and substantial justice.

## II. LEGAL STANDARD

To withstand a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing the court's personal jurisdiction over the moving defendant by a preponderance of the evidence. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009); *see Cerciello v. Canale*, 563 F. App'x. 924, 925 n.1 (3d Cir. 2014) (noting that the plaintiff "'bears the burden to

prove, by a preponderance of the evidence,' that personal jurisdiction is proper.") (citation omitted). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Still, to meet its burden, the plaintiff must establish "jurisdictional facts through sworn affidavits or other competent evidence. . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id.* at 101 (citation and internal quotation marks omitted). If the plaintiff meets this burden, "the burden shifts to the defendant to establish the presence of other considerations that would render the exercise of personal jurisdiction unreasonable." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016); *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992).

"A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009); *see* Fed. R. Civ. P. 4(e). In assessing whether personal jurisdiction exists, the court's analysis is twofold: "[t]he court must first determine whether the relevant state long-arm statute permits the exercise of jurisdiction; if so, the court must then satisfy itself that the exercise of jurisdiction comports with due process." *Display Works*, 182 F. Supp. at 172. "Since New Jersey's long-arm statute allows 'the exercise of personal jurisdiction to the fullest limits of due process,' [the Court must] 'look to federal law for the interpretation of the limits on in personam jurisdiction.'" *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563 (3d Cir. 2017) (quoting *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998)).

3

"The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). In *International Shoe Co. v. Washington,* 326 U.S. 310 (1945), the Supreme Court held that a state may authorize its courts to exercise personal jurisdiction over a nonresident defendant if that defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id*. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940). "Following *International Shoe*, 'the relationship among the defendant, the forum, and the litigation . . . became the central concern of the inquiry into personal jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

Next, when considering a motion to dismiss pursuant to the doctrine of *forum non conveniens*, the court's "ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 526 (1947). Accordingly, courts must examine if an alternative forum has jurisdiction to hear the case, and if the plaintiff's presently chosen forum would create "oppressiveness and vexation to a defendant out of all proportion to [the] plaintiff's convenience, or [if] the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problem." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994); *Koster*, 330 U.S. at 524; *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013). "When deciding a motion to dismiss based on the doctrine of *forum non conveniens*, a court may '[bypass] questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant.'" *Baez v. Marriot Int.*, No. 18-1894, WL 3801251 at *2-3 (D.N.J. Aug. 9, 2018) (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007). If the

4

lack of jurisdiction over a defendant in a particular action is easily determinable, the court should dismiss the claim for such reason. *See Sinochem Int'l Co.,* 549 U.S. at 436 (if the court "can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss [the action] on [jurisdictional] ground[s].") Accordingly, a court need not resolve both the jurisdictional and *forum non conveniens* issues; a court can properly resolve the less burdensome issue. *Id.* at 436.

For a court to grant a *forum non conveniens* motion, an adequate alternative forum must exist where defendants are amenable to process and plaintiffs' claims are cognizable. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981); *Kisano*, 737 F.3d at 872. Here, Plaintiff argues that an adequate alternative forum does not exist as the statute of limitations for personal injury in Mexico is two years and more than two years has passed since Plaintiff was injured. While Defendant agrees to waive a statute of limitations defense in Mexico, the parties have provided no foreign law to enable this Court to ascertain whether pursuant to Mexican law, a Mexican court of competent jurisdiction would legally entertain Defendant's waiver of the statute of limitations defense, particularly since the parties have not briefed that issue.[1] Neither party has addressed State of Washington e as an alternative forum where there would be general jurisdiction over Starbucks, only Mexico is discussed by the parties. Accordingly, the less burdensome course for the Court to take is to dismiss this action on jurisdictional grounds as opposed to under the *forum non conveniens* doctrine. *Sinochem Int'l Co.*, 549 U.S. at 436.

**DISCUSSION**

---

[1] Although Defendant has provided a certification from a licensed lawyer from Mexico opining on Plaintiff's ability to bring suit in Mexico, neither party has addressed whether Mexico would allow the statute of limitations waiver proposed by Defendant. S*ee* Pl. Br., Ex. A, Declaration of Juan Antonio Casas de Leon.

Plaintiff argues that this Court has general jurisdiction over Starbucks because Starbucks, although neither incorporated nor headquartered in New Jersey, has "continuous and systematic contacts" with the State, and is "omnipresent" or at home in the State of New Jersey even if the cause of action arose from non-forum activities. Pl. Br., ECF No. 7 at 3. Plaintiff further contends that her "own significant history with Starbucks in New Jersey demands the Court retain jurisdiction." *Id*. It does not appear that Plaintiff contends that specific jurisdiction exists; indeed, Plaintiff has not alleged that Defendant conducted any forum-related activities which underlie Plaintiff's claims.

### III. GENERAL JURISDICTION

"There are two distinct theories under which personal jurisdiction can arise: general and specific." *Allaham v. Naddaf*, 635 F. App'x. 32, 37-38 (3d Cir. 2015) (citing *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994)). In *Daimler*, the Supreme Court explained that a corporation is "at home" in its place of "incorporation and principal place of business." *Daimler AG*, 571 U.S. at 137. Only in circumstances that are "exceptional," where a corporation's "affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State" may a corporation be subject to general jurisdiction in a forum other than where it is incorporated or has its principal place of business. *Id*. at 127 (quoting *Goodyear*, 563 U.S. at 919).

Here, Plaintiff has not established that this is an "exceptional case" that would permit this Court to exercise jurisdiction over Starbucks in New Jersey, where it is neither incorporated nor has its principal place of business. First, the Court notes that Starbucks is undisputedly incorporated in the State of Washington with its principal place of business (its headquarters) located in Seattle, Washington, and would be subject to general jurisdiction there. *See* ECF No. 1,

Notice of Removal, ¶8. Under *Daimler*, Plaintiff cannot meet the paradigmatic basis for exercising general jurisdiction in New Jersey, as it is "incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business." *Chavez v. Dole Food Co.*, 836 F.3d 205, 224 (3d Cir. 2016) (quoting *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014); *Display Works*, 182 F. Supp. at 173 (declining to exercise general jurisdiction over corporate defendant that did not have its principle place of business in New Jersey and was not incorporated in New Jersey where the plaintiff failed to provide evidence as to why this was an "exceptional" case that would otherwise give rise to general jurisdiction). In fact, Plaintiff does not argue that this is an "exceptional case" that would fall outside the *Daimler* paradigm, but rather Plaintiff emphasizes Starbucks' supposedly extensive contacts with New Jersey and her own "significant history" with Starbucks within New Jersey. Pl. Br. at 3. Such contacts are wholly separate from the incident that gave rise to this action. Plaintiff claims that Starbucks is "omnipresent" in New Jersey because "[i]t has hundreds, if not thousands, of retail outlets within the state" and that Starbucks' trademarked logo essentially targets New Jersey. *Id*. However, a "corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler AG*, 571 U.S. at 139 n.20. In *Daimler*, the Court rejected as "unacceptably grasping" the plaintiff's invitation to "allow the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business." *Id*. at 138. Indeed, Plaintiff's position would render Starbucks "at home" and subject to general jurisdiction in each state in which it has a large number of retail outlets. Starbucks has thousands of retail outlets throughout all fifty states. Its retail outlets in New Jersey are no more "extensive" than its retail outlets in alternative/comparable states. These are unremarkable circumstances that do not elevate Starbucks to "at-home" status in New Jersey. Therefore, this is not a circumstance

that is "exceptional" where Starbucks' affiliations with this forum are so "continuous and systematic" as to render it essentially at home in New Jersey.

## IV.   SPECIFIC JURISDICTION

Specific jurisdiction exists over a non-resident defendant where the plaintiff's claim "arise[s] out of or relate[s] to the defendant's contacts with the forum." *Id*. at 127 (citations and quotations omitted); *see also Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) ("In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" (quoting *Goodyear*, 564 U.S. at 919)). For specific jurisdiction to exist over a non-resident defendant, (1) the defendant must purposefully direct [its] activities at the forum, (2) the litigation must arise out of or is related to at least one of those activities, and (3) providing that the first two requirements are met, a court will consider whether the exercise of jurisdiction is reasonable as not to offend the "traditional notions of fair play and substantial justice." *See Bristol-Myers*, 137 S. Ct. at 1785-1786 (citations omitted).

Here, Plaintiff does not explicitly argue that the Court has specific jurisdiction; instead, she emphasizes her own "significant history" with Starbucks in New Jersey. Pl. Br. at 3. In that regard, Plaintiff does not identify what activities Defendant directed at New Jersey which form the basis of her claims. Plaintiff makes no additional arguments for specific jurisdiction. This type of general, personal history is not in any way related to a premises-liability action that arises out of an alleged fall in a Starbucks located in Mexico. As such, specific jurisdiction is lacking.

After finding a lack of personal jurisdiction, the Court could dismiss under Fed. R. Civ. P. 12(b)(2). However, under 28 U.S.C. § 1631, the Court "shall, if it is in the interest of justice, transfer such action ... to any other such court ... in which the action ... could have been brought."

As discussed above, Starbucks would be subject to general personal jurisdiction in Seattle, Washington, its principle place of business and state of incorporation. Accordingly, the Court finds that a transfer to the Western District of Washington, the federal district court encompassing Seattle, is appropriate.

V.   CONCLUSION

For the reasons set forth above, this Court lacks personal jurisdiction over Starbucks; Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is **GRANTED**, and in lieu of dismissal, this matter is transferred to the United States District Court for the Western District of Washington.


Dated: June 25, 2019                           /s/ Freda L. Wolfson
                                               Hon. Freda L. Wolfson
                                               United States Chief District Judge